UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J&J SPORTS PRODUCTIONS,
INC.,

       Plaintiff

v.

BRAD'S, INC. and WILLIAM
BRADLEY,

       Defendants.
_____/

Case No. 2:17-cv-11314
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## ORDER GRANTING AS UNOPPOSED PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DEEMING ADMITTED PLAINTIFF'S DECEMBER 1, 2017 REQUESTS TO ADMIT (DE 31)

      This matter is before the Court for consideration of Plaintiff J&J Sports Productions, Inc.'s (J&J Sports) motion to compel all Defendants to make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) and respond to Plaintiff's first set of interrogatories, requests for production of documents, and requests to admit, which has been referred to me. (DEs 31, 32.) The Court issued a notice ordering the parties to file a statement of resolved/unresolved issues by April 30, 2018, and setting this motion for hearing on May 3, 2018. (DE 35.) E.D. Mich. LR 7.1(e)(2) provides that responses to nondispositive motions are due within fourteen days after service of the motion. The motion was electronically filed on March 21,

1

2018, but no response has been filed and the time for doing so under LR 7.1(e)(2) has expired.

J&J Sports asserted in its March 21, 2018 motion that Defendants had failed to serve initial disclosures and failed to respond to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests to Admit, which were served on Defendants on December 1, 2017. (DE 31.) Following an April 4, 2018 status conference, Judge Lawson issued an order that Defendants must serve their responses to all of Plaintiff's outstanding discovery requests for written discovery on or before April 9, 2018. (DE 37.) According to Plaintiff's statement of unresolved issues, filed on April 30, 2018, Plaintiff received an email attachment from Defendants' counsel on April 9, 2018 titled "DISCOVERY AND ANSWERS TO DISCOVERY.04.09.18" which contained unsigned, incomplete and deficient discovery responses. (DE 42.) On April 10, 2018, Plaintiff's counsel received an email attachment from Defendants' counsel titled "SKM_C454e18041015590" which contained six pages, three of which are completely illegible. (*Id.*)

This motion was scheduled for hearing on May 3, 2018 at 10:00 am. (DE 35.) The Undersigned's case manager made repeated efforts by email to ascertain the status of this dispute and the continued need for a hearing from both counsel, and was not advised of a need for an adjournment or of any conflict in defense

2

counsel's schedule. (See attached Exhibit 1.) On the date and time set for the hearing, Dillon Duvall, counsel for Plaintiff appeared, but counsel for Defendants did not. Attempts by the Undersigned's case manager to reach Defendants' counsel by phone between 10:00 am and 10:30 am on the morning of the hearing were unsuccessful. However, at 10:57 a.m., at the conclusion of the hearing, counsel for Defendants contacted the Court for the first time and left a voicemail stating that she had been in state court and would be on her way to this Court. The Court returned her call and informed her that the hearing had been held and concluded. For the reasons stated on the record, consistent with my findings and reasoning stated on the record, all of which are incorporated by reference as though fully restated herein, Plaintiff's motion to compel (DE 31) is **GRANTED as unopposed** as follows:

1. Plaintiff's Requests to Admit are **DEEMED ADMITTED.** *See* Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 153 (6th Cir. 1997) ("Under Rule 36(b), a request for admissions which is not responded to within the applicable time period 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'"). Defendants did not timely respond to Plaintiff's requests to admit, did not sign them when some form of discovery responses were finally turned over to Plaintiff, and have not sought relief from the operation of Rule 36(a)(3);

2. All of Defendants' objections to Plaintiff's First Set of Interrogatories are **DEEMED WAIVED** for Defendants' failure to timely respond to Plaintiff's discovery requests. *See* Fed. R. Civ. P. 33(b)(4); *Lairy v.*

3

*Detroit Med. Ctr.*, No. 12-11668, 2012 WL 5268706, at *1 (E.D. Mich. Oct. 23, 2012) ("As a general rule, failure to respond to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.") (quoting *Carfagno v. Jackson Nat'l Life Ins.*, No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)). Defendants are reminded of their obligation to provide a privilege log describing any documents withheld as privileged or work product. Fed. R. Civ. P. 26(b)(5);

3. **ON OR BEFORE MONDAY, MAY 21, 2018**, and with reference to the Statement of Unresolved Issues (DE 42), Defendants must:

   a. Supplement their answers to Plaintiff's First Set of Interrogatories with information reflecting the entity that owned the "East English Village Bar and Grill" (the "Establishment") at the initiation of this litigation and as of December 1, 2017, and not with regard to the subsequent owner of the establishment as of April 9, 2018;

   b. Supplement their responses to Requests for Production of Document Nos. 10, 12, 14, 16, 19, 22, and 23 on behalf of Defendant Brad's, Inc.;

   c. Supplement their response to Request for Production of Documents Nos. 24 and 25, seeking federal and state income tax filings for the tax year 2014, and, if the information is still unavailable to Defendants or their counsel, provide signed releases which would enable Plaintiff to obtain this information directly from the Internal Revenue Service as well as from Defendants' accountants, bookkeepers or other tax professionals, along with the identities and contact information of all such persons;

   d. Supplement their response to Request for Production of Documents No. 33, seeking all telephone bills for the Establishment that encompass the service dates of May 3, 2014 and the following day by producing the documents or a release to the appropriate telephone company;

   e. Supplement their response to Request for Production of Documents No. 34, seeking all insurance policies covering the

Establishment on May 3, 3014 and, if the information is still unavailable to Defendants or their counsel, provide signed releases which would enable Plaintiff to obtain this information directly from Defendants' insurance agents and insurance carriers, along with the identities and contact information of all such persons or companies;

f. Supplement their response to Request for Production of Documents No. 35, seeking all leases covering the Establishment on May 3, 2014 and, if the information is still unavailable to Defendants or their counsel, identify and provide contact information for the landlord and any leasing company involved on that date;

g. Supplement their response to Request for Production of Documents No. 40, seeking all gas bills from gas utility providers for the Establishment on May 3, 2014 by producing the documents or a release to the appropriate gas utility company;

h. Produce "Attachments A-E" as referenced in Defendants' discovery responses;

i. Produce a legible copy of documents emailed to Plaintiff on April 10, 2018, in a file titled "SKM_C454e18041015590"; and

j. Serve signed versions of all previous and supplemental interrogatory answers and responses to requests to produce, without objection, in full compliance with Fed. R. Civ. P. 33(b) & 34(b)(2). Counsel for Defendants is directed to carefully read the full text of these rules, paying special attention to requirements as to who must sign them and oath requirements.

4. To the extent information required to be produced in initial disclosures, as specified in Fed. R. Civ. P. 26(a)(1), is not encompassed within Defendants' discovery responses, Defendants shall serve that information on Plaintiff by **MONDAY, MAY 21, 2018**; and

5. If Plaintiff does not receive the discovery responses ordered herein, Plaintiff need not file a second motion, but is directed to file a declaration

or affidavit with the Court stating how the responses remain deficient. **If Defendants remain non-compliant with this Order, Defendants and their counsel are hereby warned that Court will issue an order to show cause as to why further sanctions, as specified in Fed. R. Civ. P. 37(b)(2) and (c), up to and including judgment by default and contempt, should not be awarded against them.**

Finally, as stated on the record, Plaintiff is awarded its reasonable "expenses incurred in making this motion, including attorney's fees[,]" pursuant to Fed. R. Civ. P. 37(a)(5). In support of this award, and as directed by the Court from the bench, counsel for Plaintiff submitted a bill of costs, supported by a declaration. (DE 43.) Defendants may file specific objections as to the claimed expenses and attorney's fees, if any, by **MONDAY, MAY 14, 2018, at 5:00 p.m.**

IT IS SO ORDERED.

Dated: May 8, 2018          s/Anthony P. Patti
                            Anthony P. Patti
                            UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent electronically and/or by U.S. Mail.

                            s/Michael Williams
                            Case Manager for the
                            Honorable Anthony P. Patti