UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J&J SPORTS PRODUCTIONS, INC.,

        Plaintiff

v.

BRAD'S, INC., d/b/a "East English Village Bar and Grill," and WILLIAM BRADLEY,

        Defendants.

_____/

Case No. 2:17-cv-11314
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO GRANT ENTRY OF DEFAULT JUDGMENT

### I.  RECOMMENDATION:

Pursuant to Fed. R. Civ. P. 37(b)(2), and for the reasons set forth below, I recommend that Defendants' answer and affirmative defenses be stricken, their third party complaint be dismissed, and a default judgment be entered against them, in an amount to be determined by the Court.

### II.  REPORT:

    **A.  Background**

        **1.  The Pleadings**

1

Plaintiff J&J Sports Productions, Inc. (J&J Sports) filed its complaint in this matter on April 25, 2017 against Defendants Brad's Inc., d/b/a East English Village Bar and Grill, and William Bradley, alleging violations of the Communications Act of 1934 (47 U.S.C. § 605), the Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553), and common law conversion. (DE 1.) According to the complaint, Plaintiff had exclusive licensing rights to nationwide distribution of the Floyd Mayweather, Jr. v. Marcos Rene Maidana WBC Welterweight Championship Fight Program ("Program") on May 3, 2014, and Defendants allegedly purchased the Program through a carrier's residential account and exhibited that program in their commercial establishment for financial gain without paying Plaintiff the required commercial licensing fee for the right to do so. (DE 1.)

Defendants were served with copies of the summons and complaint on May 13, 2017 (DEs 5, 6), but after they did not answer or otherwise respond, the Clerk of the Court entered defaults for both Defendants and Plaintiff filed a motion for default judgment. (DEs 7-10.) The day before the hearing on the motion for default judgment, Defendants engaged an attorney who filed an appearance on their behalf and a motion to set aside the entry of default. (DEs 13, 15.) The Court subsequently entered an order setting aside the default based on a stipulation filed by the parties, and Defendants filed an answer to the complaint. (DEs 18-20.)

Defendants also filed a third-party complaint against Comcast Cable, and a third-party summons was issued on November 22, 2017.  (DEs 21, 23-25.)  That third-party complaint was subsequently dismissed, by stipulation, on March 20, 2018.  (DE 30.)  On April 13, 2018, Defendants filed a third-party complaint against Direct TV, and a third-party summons was issued that same date.  (DEs 39-41.)  However, the docket does not indicate that Direct TV has been served.

### 2. February 27, 2018 Status Conference Before Judge Lawson

The November 30, 2017 case management and scheduling order directed the parties to appear for an interim status conference on February 27, 2018.  (DE 26.)  Despite repeated emails and phone calls to Defendants' counsel to confirm her attendance at the February 27, 2018 status conference, to which the Court received no response, Defendants' counsel did not appear at the status conference.  (DE 27 at 2-3.)  Plaintiff's counsel also informed the Court that he had received no response to his calls or emails to Defendants' counsel for some time.  (*Id.*)  On February 27, 2018 at 4:45 p.m.—fifteen minutes after the scheduled time for the interim status conference—the Court held a session on the record with counsel for Plaintiff, who was the only representative of any party to appear at the appointed time.  Plaintiff's counsel testified as to Defendants' failure to answer discovery requests propounded on December 1, 2017, and that as of that date, he had not had

any contact with Defendants' attorney for nearing a month following the expiration of the extended discovery response deadline. (*Id.* at 3.)

On February 28, 2018, Defendants' attorney emailed the Court and her opposing counsel that she had not attended the status conference because she "did not have [the] matter scheduled for yesterday," and she "was in Lansing all afternoon yesterday and did not get back to the city until after 6:00 p.m." (DE 27 at 4.) However, she did not offer any excuse for her failure to answer the case manager's emails or phone call, or for Defendants' failure to respond to Plaintiff's discovery requests, which at that time had been pending for nearly three months. (*Id.*)

### 3. March 1, 2018 Show Cause Order

On March 1, 2018, the Court entered an Order to Show Cause, directing Defendants to "show cause in writing, **on or before March 22, 2018**, why their answer and third-party complaint should not be stricken and the entries of default against them reinstated." (DE 27 (emphasis in original).)

Defendants' counsel filed a response to the order to show cause on March 22, 2018, stating that she fell and broke her foot on December 26, 2017, and experienced ongoing complications. She also relayed that Defendant East English Village Bar "changed hands" and now has a new owner, and that she has had trouble communicating with Defendant Bradley. Further, defense counsel reported

4

that she overdrew her Client Trust Account and the overdraft was reported to the Attorney Grievance Commissioner by the bank, requiring her to attend a class on the management of Client Trust Accounts in Lansing on February 27, 2018, the same date of the status conference before the Court (which she had not recorded on her calendar). (DE 33.)  Counsel stated that she "does not have a history of such mistakes" and that she "can think of no other time that she has failed to appear for a hearing in federal court in her 31 years of law practice." (*Id.* at 3-4.)

### 4. Plaintiff's March 21, 2018 Motion to Compel

On March 21, 2018, Plaintiff filed its motion to compel all Defendants to make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) and respond to Plaintiff's first set of interrogatories, requests for production of documents, and requests to admit.  (DE 31.)  In its motion, Plaintiff asserts that Defendants failed to serve initial disclosures and failed to respond to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests to Admit, which were served on Defendants on December 1, 2017.  (*Id.*)  Defendants did not file a response to Plaintiff's motion to compel, but Plaintiff nevertheless timely filed a unilateral statement of unresolved issues on April 30, 2018.  (DE 42.)

### 5. April 5, 2018 Order Setting Deadline for Responses to Plaintiff's Outstanding Requests for Written Discovery

Following an April 4, 2018 status conference, Judge Lawson issued an order on April 5, 2018 that Defendants "must serve their responses to **all** of the

plaintiff's outstanding discovery requests for written discovery **on or before April 9, 2018**." (DE 37 (emphasis added in part).) According to Plaintiff's statement of unresolved issues, filed on April 30, 2018, Plaintiff received an email attachment from Defendants' counsel on April 9, 2018 titled "DISCOVERY AND ANSWERS TO DISCOVERY .04.09.18" which contained unsigned, incomplete and deficient discovery responses. (DE 42.) On April 10, 2018, Plaintiff's counsel received an email attachment from Defendants' counsel titled "SKM_C454e18041015590" which contained six pages, three of which are completely illegible. (*Id.*)

### 6. May 3, 2018 Hearing on Plaintiff's Motion to Compel

Counsel for Plaintiff appeared before me at the scheduled May 3, 2018 hearing on Plaintiff's motion to compel , but counsel for Defendants did not, despite attempts by my case manager to reach Defendants' counsel by phone. The Court held the hearing, heard argument from Plaintiff's counsel, and granted Plaintiff's unopposed motion to compel. (See 5/3/18 Minute Entry.) However, at 10:57 a.m., at the conclusion of the hearing, counsel for Defendants contacted my chambers for the first time and left a voicemail stating that she had been in state court and would be on her way to this Court. My case manager returned her call and informed her that the hearing had been held and concluded.

### 7. May 8, 2018 Order Granting Plaintiff's Unopposed Motion to Compel and Awarding Costs (DE 44) and May 23, 2018 Award Granting Plaintiff's Bill of Costs (DE 45)

On May 8, 2018, the Court entered an order granting as unopposed Plaintiff's motion to compel discovery and deeming admitted Plaintiff's December 1, 2017 requests to admit. (DE 44.) That Order also directed that all of Defendants' objections to Plaintiff's First Set of Interrogatories are deemed waived, directed Defendants to supplement their responses to numerous specific discovery requests with reference to Plaintiff's Statement of Unresolved Issues on or before Monday, May 21, 2018, and granted costs. (*Id.*) The Order also stated:

> If Plaintiff does not receive the discovery responses ordered herein, Plaintiff need not file a second motion, but is directed to file a declaration or affidavit with the Court stating how the responses remain deficient. **If Defendants remain non-compliant with this Order, Defendants and their counsel are hereby warned that Court will issue an order to show cause as to why further sanctions, as specified in Fed. R. Civ. P. 37(b)(2) and (c), up to and including judgment by default and contempt, should not be awarded against them.**

(DE 44 at 5-6, ¶ 5 (emphasis in original).) Finally, Plaintiff was awarded its reasonable expenses in making this motion, including attorney's fees, and directed to submit a bill of costs, supported by a declaration. Defendants were specifically permitted to file objections to the claimed expenses, if any, by Monday, May 14, 2018 at 5:00 p.m. (*Id.* at 6.)

Plaintiff timely filed its Bill of Costs on May 7, 2018 (DE 43), and Defendants did not file an objection or otherwise respond. On May 23, 2018, the Court granted Plaintiff's unopposed bill of costs, awarding $2,527.96 against

7

Defendants and their counsel, jointly, and ordering that the award be paid within ten days of the Order (or by June 4, 2018). (DE 45.)

### 8. Plaintiff's May 23, 2018 Affidavit (DE 46)

On May 23, 2018, in accordance with the Court's May 8, 2018 Order (DE 44, ¶ 5), Plaintiff's Counsel filed an Affidavit Regarding Outstanding and Unresolved Discovery Issues, in which he attested that he had not received any additional responses to Plaintiff's discovery or any additional production of documents and that Defendants' discovery responses remained deficient for the reasons stated in Plaintiff's Statement of Unresolved Issues. (DE 46, ¶ 6.) Plaintiff's counsel further stated that he had not been contacted by Defendants to discuss this matter since receiving an email from counsel on April 30, 2018, prior to the hearing on Plaintiff's motion to compel. (*Id.* ¶ 7.)

### 9. May 25, 2018 Order to Show Cause and Setting Show Cause Hearing for June 13, 2018

On May 25, 2018, the Court entered an order requiring Defendants' counsel to appear in person on June 13, 2018 and show cause for failure to comply with the Court's order granting as unopposed Plaintiff's motion to compel discovery, and "why further sanctions, as specified in Fed. R. Civ. P. 37(b)(2) and (c), up to and including judgment by default and contempt, should not be awarded against Defendants." (DE 47.) Defendants were further cautioned that "failure to comply

8

with this order will result in a recommendation that a default judgment be rendered against them pursuant to Fed. R. Civ. P. 37(b)(2)." (*Id.*)

On the date and time set for the hearing, counsel for Plaintiff and Defendants appeared. Counsel for Defendants admitted that Defendants *still* have not supplemented their discovery responses or in any way complied with the Court's May 8, 2018 order compelling discovery. Defendants' counsel stated that Defendants have not been responsive to her phone calls and emails, and posited that the fact that the bar has been sold during the course of this litigation may be the problem. Defendants' counsel would not say how likely Defendants would be to participate in discovery in the future, and was especially skeptical of Defendant William Bradley's participation. Defendants' counsel also acknowledged that she and Defendants had not paid the costs awarded against them jointly, stating that the time for making the payment got away from her and that she did not have sufficient funds to cover all costs awarded. She made a partial payment of costs in the amount of $800.00 at the hearing.

Plaintiff's counsel argued that this case was filed over one year ago and that the discovery deadline has passed, and that he still has been unable to depose Defendants and he has only received unsigned, partial discovery responses that are of no evidentiary value. Plaintiff's counsel further asserted that, to his knowledge, the pending third-party complaint against DirectTV still has not been served, and

9

that he had not been timely notified that the bar was sold during the pendency of this litigation, although according to his research, Defendant Bradley still owns the liquor license for the bar. The Court took this matter under advisement.

### B. Fed. R. Civ. P. 37

Rule 37(b)(2) provides that where a party "fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders[,]" including, but not limited to, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, ... striking pleadings in whole or in part[,] ... dismissing the action or proceeding in whole or in part[,] ... [or] rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2). A court may also, in addition to or as an alternative to the above-mentioned orders, direct "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with the court order. Fed. R. Civ. P. 37(b)(2)(C).

In addition, this Court also has the inherent authority to sanction litigants who disobey judicial orders, which "derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *Dell, Inc. v. Elles,* No. 07-2082, 2008 WL 4613978, at *2 (6th Cir. June 10, 2008) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–50 (1991)). In *Dell, Inc. v. Advicon Computer Services, Inc.*, No. 06-11224, 2007 WL 2021842, at *5-6 (E.D.

10

Mich. July 12, 2007), Judge Lawson explained the reach of the Court's power to enter a default judgment in cases of a party's egregious and repeated disregard of court orders:

> Although Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the Court to enter default judgment as a discovery sanction, there is no Rule or statute that authorizes entry of default judgment based on a party's failure to obey court orders in general. Nevertheless, it is well-established that a federal court has the inherent authority to grant such relief when the circumstances warrant as much. *See In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir. 2006) (upholding entry of default judgment as proper use of court's inherent authority where party failed to respond to court orders, failed to appear before the court, and failed to engage in court-ordered discovery); *Thomas, Head, & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1457-59 (9th Cir. 1996) (upholding entry of default judgment based on inherent authority where party completely ignored the terms of an injunctive order and other court orders); *Shepherd v. American Broadcasting Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) ("As old as the judiciary itself, the inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments."); see also *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (discussing the broad scope of a court's inherent authority.)

A court must consider four factors when determining whether a plaintiff's complaint should be dismissed or default judgment rendered pursuant to Rule 37: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the party's adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to

cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). "The same analytical framework is appropriate in assessing whether entry of a default judgment is the appropriate sanction for disobedience of judicial orders." *Gordon v. Enhanced Acquisitions LLC*, No. 14-13839, 2017 WL 2389968, at *2 (E.D. Mich. May 11, 2017) (citing *Dell*, at *6 ("The Court finds that [the Rule 37] factors apply equally to a default judgment entered under its inherent authority.")), *report and recommendation adopted*, 2017 WL 2377501 (E.D. Mich. June 1, 2017). Nevertheless, the use of default judgment against a defendant under Rule 37(b)(2)(A)(vi) is an extreme sanction. *See Buck v. U.S. Dep't of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 607-08 (6th Cir. 1992). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Reyes*, 307 F.3d at 458.

    C.    **Analysis**

For the reasons stated below, I conclude that the four factors support an award of default judgment.

    1.    **Willfulness or Bad Faith**

"To support a finding that a [party's] actions were motivated by willfulness, bad faith, or fault under the first factor, the [party's] conduct 'must display either

12

an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (holding that failure to respond to discovery requests and the court's subsequent order constitutes contumacious conduct). The record here amply supports a finding of bad faith and contumacious conduct. Defendants' counsel failed to appear at both the scheduled February 27, 2018 status conference and the May 3, 2018 hearing on Plaintiff's motion to compel, despite repeated efforts by the Court to confirm and ensure her appearance at both proceedings, resulting in the Court entering two separate show cause orders. Defendants failed to serve initial disclosures and failed cooperate in discovery, providing only partial, unsigned responses over four months after the discovery was served, and only after an order by the Court. Defendants then wholly failed to comply with the Court's subsequent order on Plaintiff's motion to compel, directing Defendants to supplement their responses to specific discovery requests, and to answer interrogatories under oath. Defendants further failed to timely comply with the Court's award of costs and attorney's fees as a sanction, only finally making a partial payment at the June 13, 2018 show cause hearing. Moreover, Plaintiff's counsel stated throughout the proceedings that Defendants' counsel has failed to communicate with him. Although Defendants' counsel blamed the "non-

13

responses" on communication issues with her clients, she could not assure the Court that either of the Defendants will meaningfully participate in this litigation.

Thus, even the threat of default judgment and appearing before the Court for two show cause orders was not sufficient to foster compliance by the Defendants. Up to and including the June 13, 2018 show cause hearing, no steps have been taken to produce the supplemental information ordered by the Court. This factor therefore weighs strongly in favor of entry of a default judgment.

### 2. Prejudice to the Opposing Party

"A party is prejudiced when it is 'unable to secure the information requested' and 'required to waste time, money, and effort in pursuit of cooperation which [the opposing party] was legally obligated to provide.'" *Barron v. Univ. of Michigan*, 613 F. App'x 480, 485 (6th Cir. 2015) (quoting *Harmon*, 110 F.3d at 368). The Plaintiff's ability to proceed with this litigation has been completely frustrated by Defendants' inaction. This case was filed over a year ago, but Plaintiff has received only limited, incomplete, unsigned discovery responses (and then only after a Court order), has been unable to depose Defendants, and the time for discovery has closed. Plaintiff has had to expend significant resources pursuing this litigation and has wasted "time, money, and effort in pursuit of cooperation which [Defendants] were legally obligated to provide." *Harmon, Inc.*, 110 F.3d at 368 (affirming dismissal of complaint as sanction for failure to cooperate with

14

discovery and for failure to prosecute). The Rules and this Court's orders entitle Plaintiff to full discovery, but that was denied due to Defendants' discovery misconduct. The prejudice factor favors the entry of default judgment here.

### 3. Whether the Defendant was Warned

Although "[t]here is no magic words prerequisite to dismissal [or default judgment] under Rule 37(b)," *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir 2013), I find that Defendants here have been warned numerous times that they were facing a possible default judgment:

(1) The Court's March 1, 2018 show cause order directed Defendants to show cause "why their answer and third-party complaint should not be stricken and entries of default against them reinstated" due to Defendants' failure to respond to discovery or to appear for a scheduled court hearing. (DE 27.)

(2) The Court's May 8, 2018 order granting Plaintiff's unopposed motion to compel warned that "[i]f Defendants remain non-compliant with this Order, Defendants and their counsel are hereby warned that [the] Court will issue an order to show cause as to why further sanctions … up to and including judgment by default and contempt, should not be awarded against them." (DE 44.)

15

(3) And, after receiving Plaintiff's counsel's affidavit averring that he had not received any additional responses to Plaintiff's discovery as ordered by the Court, the Court issued an order on May 25, 2018 for Plaintiff to show cause "why further sanctions, … up to and including judgment by default and contempt, should not be awarded against Defendants" and warned that "failure to comply with this order will result in a recommendation that a default judgment be rendered against them pursuant to Fed. R. Civ. P. 37(b)(2)."  (DE 47.)

(4) Finally, at the June 13, 2018 show cause hearing, the Court questioned Defendants' counsel as to why a default judgment should not be entered against them.

Accordingly, Defendants have been warned several times, have previously been sanctioned in the form of attorney's fees and costs, and were clearly on notice that their misconduct could result in entry of a default judgment.  This factor weighs in favor of the sanction.

### 4. **Whether Less Drastic Sanctions were Imposed**

Finally, I conclude that no lesser sanction is warranted. In addition to being warned that a default judgment was a possibility, Defendants were previously given lesser sanctions in my order granting Plaintiff's unopposed motion to

compel. Specifically, the Court issued an order: (1) ruling that all of Defendants' objections to Plaintiff's first set of interrogatories were waived; (2) deeming Plaintiff's requests for admission admitted; and (3) awarding costs and attorney's fees in the amount of $2,527.96. (DEs 44, 45.) At least through the date of the last show cause hearing on June 13, 2018, Defendants still had not provided any supplemental discovery responses as ordered by the Court and had made only a partial payment on the award of costs at the hearing, though they were due in full one week earlier. It is clear that Defendants have treated the Court's orders as elective, which cannot be tolerated. Moreover, I am unpersuaded by defense counsel's plea (at the last show cause hearing) to just give her an opportunity to sit down with her clients face-to-face to explain to them how serious this is. The Court has already spoken loudly and clearly through its orders. The time for counsel to explain to her clients why the Court's orders must be obeyed has long since passed. The Court can fathom no sanction that will result in appropriate compliance by Defendants or sufficiently address Defendants' behavior other than the entry of default judgment.

Accordingly, all four factors strongly support the imposition of a default judgment against Defendants.

### D. Conclusion

For the reasons set forth above, I recommend that, pursuant to Fed. R. Civ P. 37(b) and the Court's inherent authority, Defendants' Answer and affirmative defenses be stricken, a default judgment be entered against them in an amount to be determined by the Court, and the third-party complaint against DirectTV be dismissed. (DE 40.)

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 26, 2018                   s/Anthony P. Patti
                                                      Anthony P. Patti
                                                      UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 26, 2018, electronically and/or by U.S. Mail.

                                                      s/Brianna Garant
                                                      BRIANNA GARANT
                                                      Relief Case Manager