UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J&J SPORTS PRODUCTIONS, INC.,

Plaintiff,

v.

BRAD'S, INC. and WILLIAM BRADLEY,

Defendants,
______________________________________/

Case Number 17-11314
Honorable David M. Lawson

**ORDER ADOPTING REPORT AND RECOMMENDATION, STRIKING DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES, DISMISSING THIRD-PARTY COMPLAINT, REINSTATING DEFAULTS, AND DIRECTING PLAINTIFF TO FILE MOTION FOR DEFAULT JUDGMENT**

Presently before the Court is a report issued on June 26, 2018 by Magistrate Judge Anthony P. Patti pursuant to 28 U.S.C. § 636(b), recommending that the Court strike the defendants' answer and affirmative defenses, dismiss their third-party complaint, and enter a default judgment against them. Although the report stated that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, no objections have been filed thus far. The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the magistrate judge.

On April 25, 2017, the plaintiff filed its complaint against the defendants in this case seeking recovery under the Copyright Act for unauthorized exhibitions of the plaintiff's cable television programs. The plaintiff procured a default judgment early in the course of the litigation, which was set aside after the defendants retained counsel and appeared ready to defend the case.

The Court held a scheduling conference on November 30, 2017 and entered a case management and scheduling order, which specified, among other things, that discovery would close on May 31, 2018. However, on March 1, 2018, after the defendants failed to respond to several discovery requests and appeared to abscond from the proceedings, the Court ordered them to show cause, no later than March 22, 2018, why their answer and third-party complaint should not be stricken and the entries of default against them reinstated. The defendants filed a response to the order to show cause indicating that their attorney had suffered physical injuries which incapacitated her and made it difficult or impossible to keep up with the demands of the case. The plaintiff then filed a motion to compel responses to its discovery requests, which was referred to Magistrate Judge Anthony P. Patti to conduct a hearing and render a decision.

On April 13, 2018, the defendants filed a third-party complaint against DirectTV, Inc., and summons was issued that same day, but it does not appear that service of the third-party complaint ever was completed. No response to the motion to compel ever was filed, and the record indicates that neither the defendants nor their counsel appeared for two scheduled hearing dates on that motion. The defendants also did not respond to an order issued by the magistrate judge commanding them to show cause why they should not be sanctioned for the failure to appear. An affidavit later filed by counsel for the plaintiff attests that he has not received any response or communication from the defendants or their attorney since April 30, 2018. The record of proceedings indicates that the defendants have not filed any papers or taken any other action in this case since the filing of their third-party complaint on April 13, 2018.

On June 26, 2018, the magistrate judge issued a report recommending that the Court strike the defendants' answer and affirmative defenses and their third-party complaint, and enter a default

judgment for the plaintiff, as sanctions for the defendants' failure to appear and refusal to produce any responses to the plaintiff's discovery requests. The defendants did not file any objections to the report and recommendation, and the time for doing so has long passed.

"On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). The available sanctions under Rule 37(b)(2)(A) include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). "The trial court's imposition of . . . sanctions [under Rule 16(f)] is review[ed] under an abuse of discretion standard." *Reece v. Langford*, No. 85-5088, 1986 WL 17298, at *1 (6th Cir. 1986) (citing Fed. R. Civ. P. 16(f) Advisory Committee Note). When deciding whether to impose the "extreme sanction" of entering a default judgment under Rule 16(f), the district court must weigh four factors" (1) whether the disobedient party acted in willful bad faith; (2) whether the opposing party suffered prejudice; (3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and (4) whether less drastic sanctions were imposed or considered. *Stooksbury v. Ross*, No. 12-5739, 2013 WL 2665596, at *4 (6th Cir. June 13, 2013); *Stooksbury v. Ross*, No. 09-498, 2012 WL 262888, at *2 (E.D. Tenn. Jan. 30, 2012) (citing *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008)). "In general, the first factor — bad faith — is the most important." *Ndabishuriye v. Albert Schweitzer Soc'y, USA, Inc.*, 136 F. App'x 795, 800 (6th Cir. 2005).

In his report and recommendation, the magistrate judge reviewed in exhaustive detail the procedural history of the case, the repeated instances of the defendants' failures to appear or file responsive papers and pleadings, and their refusal to cooperate in discovery. For all of the grounds stated in the well reasoned report of the magistrate judge, the Court finds that case terminating

sanctions are justified by the defendants' recalcitrant conduct in this litigation, which they have not made any attempt to explain. Moreover, the Court notes that the defendants have not mounted any objection to the sanctions recommendation, despite having ample time to do so.

Accordingly, it is **ORDERED** that the report and recommendation [49] is **ADOPTED**.

It is further **ORDERED** that the defendants' answer and affirmative defenses [20] are **STRICKEN**.

It is further **ORDERED** that all of the defendants' third-party claims against DirectTV, Inc. are **DISMISSED**, and their third-party complaint [40] is **STRICKEN**.

It is further **ORDERED** that the entries of default against defendants Brad's, Inc. and William Bradley are **REINSTATED**.

It is further **ORDERED** that the plaintiff must file an appropriate motion for entry of a default judgment **on or before August 23, 2018**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 9, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 9, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI